UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FAYSAL KALAYAF MANAHE,<br>YASER AALI,<br>AMMAR ALKINANI, and<br>QUASIM SAESAH<br><br>Defendants. | No. 2:22-cr-00013-JAW |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PREVENT ARGUMENT REGARDING DEFENDANTS' ENCRYPTED MESSAGES**

Reference to Defendants' use of encrypted messaging at trial and in the Indictment is relevant and not unfairly prejudicial. The Court should admit evidence of Defendants' use of encrypted messages, decline to strike those references from the Indictment, and deny Defendants' Motion in Limine (ECF No. 152).

**ARGUMENT**

**I.  Reference to Defendants' Use of Encrypted Messages is Relevant, Not Prejudicial, and Admissible**

Defendants seek to bar the Government from introducing evidence that Defendants used an encrypted messaging app (WhatsApp) to organize their conspiracy (*i.e.*, to plan the conspiracy, solicit its members, set forth and agree to the conspiracy's terms, plan meetings in furtherance, and discuss consequences for competitors who refused to join). (*See* ECF No. 152 at 5.) Defendants argue that, given the widespread and predominantly legal use of WhatsApp, evidence that the app's communications are encrypted would be irrelevant under Rule 402 or unfairly prejudicial under Rule 403. (*See Id.* at 1.)

1

The Government does not anticipate arguing—as Defendants claims—that Defendants "specifically used an encrypted messaging application to evade law enforcement" at trial. (*Id.* at 5.) To the extent that the Government does raise this or similar arguments at trial, the Government will lay the appropriate evidentiary foundation.[1]

However, Defendants' argument to bar any references to encryption is premature and overbroad. Rule 402 bars the admission of "irrelevant evidence," meaning evidence that is not relevant under Rule 401. Fed. R. Evid. 402. "Relevancy is a very low threshold, requiring only that the evidence have 'any tendency to make a fact more or less probable.'" *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021) (quoting Fed. R. Evid. 401).

The relevance of evidence or argument concerning Defendants' use of encrypted messaging will depend on the course of the trial. For example, if Defendants attempt to attack the thoroughness of the Government's investigation, the Government may need to present evidence that its investigatory avenues were limited by Defendants' use of encrypted messaging. If Defendants challenge the authenticity of any records of their encrypted messaging, the Government may need to present evidence that these records are authentic, which may in turn entail discussion of the technical features of Defendants' chosen messaging app, including its use of encryption.

---

[1] Such an argument would most logically be used to support the proposition that Defendants were aware that their conduct was illegal. But, as this this Court has recognized, such specific intent to violate the law is not an element of the antitrust crime with which Defendants have been charged. *See* ECF No. 112 at 21 (ruling that the Indictment charges a "per se unlawful agreement to fix wages and allocate workers"); *United States v. Nippon Paper Indus. Co., Ltd.*, 109 F.3d 1, 7 (1st Cir. 1997) (when prosecuting a defendant for a per se antitrust violation, the government need not show "a specific criminal intent to violate the antitrust laws"). Indeed, the Government has already moved in limine to bar as irrelevant any argument that Defendants lacked specific intent to violate the law. (*See* ECF No. 155 at 4.)

Defendants' separate Rule 403 argument is self-defeating. Rule 403 permits the court to exclude evidence if the risk of unfair prejudice "substantially outweighs" the probative value of the evidence. Evidence is unfairly prejudicial if it would "inflame[] the jury or inspire[] them to decide the case on an emotional basis." *United States v. Perrotta*, 289 F.3d 155, 166 (1st Cir. 2002); *see also United States v. Sabean*, 885 F.3d 27, 38 (1st Cir. 2018) ("Virtually all evidence is meant to be prejudicial, and Rule 403 only guards against unfair prejudice."); *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (explaining that evidence is unfairly prejudicial to a criminal defendant if it has "the capacity . . . to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged").

Defendants fail to show that the jury would be in any way prejudiced, inflamed or otherwise distracted by any discussion of their use of encrypted messaging. As Defendants themselves point out, there is nothing inherently criminal about the use of encrypted messaging. (ECF No. 152 at 1.) Indeed, their motion describes the commonplace use of WhatsApp and its status as the default method of communication for many people. (*See Id.* at 2–4.) This widespread adoption of WhatsApp makes it unlikely the jury will be unfavorably predisposed against it. Defendants do not provide any reason for believing that the venire has any bias against WhatsApp or other encrypted messaging. Without evidence of such a bias, Defendants cannot establish that references to encryption will result in unfair prejudice.

Accordingly, the Court should deny Defendants' motion to exclude evidence and argument regarding Defendants' use of encrypted messaging.

## II. The Word "Encrypted" is not Prejudicial and Should Not Be Stricken from the Indictment

Under Federal Rule of Criminal Procedure 7(d), the Court "may strike surplusage from the indictment." This mechanism "serves to protect the defendant 'against immaterial or irrelevant allegations in an indictment, . . . which may . . . be prejudicial.'" *United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994) (alteration in original) (quoting Fed. R. Crim. P. 7(d), advisory committee note). "A motion to strike is subject to an exacting standard and should be granted only if the allegations are inflammatory, prejudicial, and irrelevant to the crime charged." *United States v. Sidoo*, 471 F. Supp. 3d 369, 379 (D. Mass. 2020) (citation and internal quotation omitted); *see also United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990). Moreover, as under Rule 403, the defendant must show that any prejudice is "unfair." *Lewis*, 40 F.3d at 1346.

The Indictment's use of the word "encrypted" will not unfairly prejudice Defendants. The Indictment uses the word only once, (ECF No. 1 at ¶ 17(a)), and Defendants have put forward no evidence that the jury is likely to have an improper emotional response to this reference. Defendants cannot show that encryption is irrelevant either, because, as discussed above, their use of encryption may be relevant depending on the course of the trial. As the Indictment's single use of the word "encrypted" is neither irrelevant nor unfairly prejudicial, the Court should deny Defendants' request to strike it.

## **CONCLUSION**

Based on the foregoing, the Government requests that the Court deny Defendants' motion in its entirety.

DATED:  February 13, 2023              Respectfully Submitted,

/s/ *Jena L. Tiernan*
JENA L. TIERNAN
Trial Attorney, New York Office
Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Suite 3600
New York, NY 10278

PHILIP D. ANDRIOLE
Trial Attorney, New York Office
Antitrust Division
U.S. Department of Justice

NOLAN J. MAYTHER
Trial Attorney, San Francisco Office
Antitrust Division
U.S. Department of Justice

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

# CERTIFICATE OF SERVICE

This is to certify that on February 13, 2023, the undersigned caused to be electronically filed the foregoing Opposition to Defendants' Motion in Limine to Exclude Evidence and/or Argument that Defendants' Use of Encrypted Messaging, in and of Itself, Was Utilized to Further the Conspiracy (ECF No. 152) with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Jena L. Tiernan*
JENA L. TIERNAN
Trial Attorney, New York Office
U.S. Department of Justice
Antitrust Division