UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | 2:22-cr-00013-JAW |
| ) | |
| FAYSAL KALAYAF MANAHE, ) | |
| YASER AALI, ) | |
| AMMAR ALKINANI, and ) | |
| QUASIM SAESAH ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION IN LIMINE TO EXCLUDE EVIDENCE AND/OR ARGUMENT ABOUT ENCRYPTED MESSAGING**

In anticipation of trial, a defendant files a motion in limine on behalf of all defendants to exclude as irrelevant and unfairly prejudicial evidence and/or argument that the defendants' use of encrypted messaging via the popular messaging application WhatsApp, in and of itself, was used to further an alleged conspiracy in restraint of interstate trade and commerce. The defendant further requests that the word "encrypted" be stricken from the indictment before it is provided to the jury. The Court grants the defendant's motion insofar as the Government will not be allowed to introduce evidence of encryption or make arguments about encryption without first approaching the bench and receiving an in-trial ruling. Otherwise, the Court defers ruling subject to trial developments.

**I. BACKGROUND**

    **A. Procedural Background**

On January 27, 2022, a federal grand jury issued a one-count indictment, charging Faysal Kalayaf Manahe, Yaser Aali, Ammar Akinani, and Quasim Saesah with engaging in a criminal conspiracy in restraint of trade in violation of 15 U.S.C. § 1. *Indictment* (ECF No. 1) (*Indictment*). Trial is scheduled to commence on March 6, 2023 with jury selection on that day to be immediately followed by trial. *Trial List* (ECF No. 151). On January 23, 2023, acting on behalf of all Defendants, Yaser Aali moved in limine to exclude evidence and argument related to the Defendants' use of encrypted messaging. *Def. Yaser Aali's Mot.* in Limine *to Exclude Evid. and/or Argument That Defs.' Use of Encrypted Messaging, in and of Itself, was Utilitzed to Further the Alleged Conspiracy* (ECF No. 152) (*Def.'s Mot.*). The United States (Government) filed its response on February 13, 2023. *United States' Opp'n to Defs.' Mot. in Limine to Prevent Argument Regarding Defs.' Encrypted Messages* (ECF No. 162) (*Gov't's Opp'n*).

B.  **The Alleged Conspiracy: An Overview**

The indictment in this case consisting of nine pages indictment, charges the Defendants and their respective home health agencies with engaging in a conspiracy to violate the Sherman Act, 15 U.S.C. § 1 by suppressing and eliminating competition for the services of Personal Support Specialist (PSS) workers by agreeing to fix the rates paid to PPS workers and by agreeing not to hire each other's workers. *Indictment* ¶ 1-18. In addition, the indictment alleges that home health agencies were eligible to apply for and did receive loans from the Small Business Administration's (SBA) Paycheck Protection Program (PPP). *Id.* ¶ 4. The PPP loans

were forgivable so long as the loan recipients expended a certain percentage of the loans directly for payroll within a designated time and the indictment sets forth the managerial or ownership role the Defendants as well as other unnamed and unindicted individuals had in their respective home health agencies and the PPP loans each company (except the company affiliated with Quasim Saesah) received. *Id.* ¶¶ 5-14.

## II.   THE PARTIES' POSITIONS

### A.   The Defendant's Motion

In Mr. Aali's motion, he observes that the indictment alleges that on April 5, 2020, "using an encrypted messaging app," Mr. Alkinani invited Mr. Kalayaf, Mr. Aali, and Mr. Saesah to join a group entitled "*Home care*" and that they attended virtual meetings on April 5, 2020 to discuss rate increases for PPS [Personal Support Specialist] workers. *Id.* at 2 (quoting *Indictment* ¶ 17(a)). Mr. Aali stresses that "WhatsApp" is "the world's top messaging app, with more than 2 billion users." *Id.* at 3. Mr. Aali says that WhatsApp is particularly popular across the Arab region. *Id.* Mr. Aali points out that the main draw of WhatsApp is that it is virtually free to use and ideal for international calling, without sign-up fees, and data plan allowances. *Id.* at 4. In short, the "Defendants do not dispute that they communicated by WhatsApp, but they did so because it is a free, user-friendly platform via which they could communicate using text messaging, calling and/or video conferencing – not because of its encryption capabilities." *Id.* at 4-5. He maintains that "[a]ny argument or inference that there was some nefarious purpose to the use of WhatsApp is

3

particularly inappropriate here, where the defendants are naturalized United States citizens who moved here from a region where WhatsApp is the predominant messaging platform." *Id.* at 5. Mr. Aali urges the Court to exclude any evidence or argument that the Defendants used encrypted messaging. *Id.*

### B.     The Government's Response

The Government responds that reference to the Defendants' use of encrypted messaging at trial and in the indictment is "relevant and not unfairly prejudicial." *Gov't's Opp'n* at 1. First, the Government represents that it does not intend to argue at trial that the Defendants "specifically used an encrypted messaging application to evade law enforcement."[1] *Id.* at 2.

Second, the Government says that the relevance of the fact of encryption "will depend upon the course of the trial." *Id.* at 2. The Government posits two situations where evidence of encryption may become relevant. *Id.* First, if the Defendants attack the thoroughness of the Government's investigation, the Government may be required to introduce evidence of encryption to explain its limited avenues of investigation. *Id.* Next, if the Defendants challenge the authenticity of any translation, the Government may need to present evidence that the records are authentic, including the need to decrypt the messages. *Id.*

Third, the Government characterizes the Defendants' Rule 403 argument as "self-defeating." *Id.* at 3. This is because in the Government's view, there is "nothing

---

[1]    The Government points out that the Defendants' use of encrypted messaging could support the proposition that the Defendants were aware that their conduct was illegal; however, it maintains that the crime charged is not a specific intent crime. *Gov't's Opp'n* at 2 n.1.

inherently criminal about the use of encrypted messaging." *Id.* Indeed, the Government points out, the Defendants themselves described the commonplace use of WhatsApp and it makes it unlikely that the jury will be "unfavorably disposed against it." *Id.*

Next, the Government argues that the term, "encrypted," is not prejudicial and should not be struck from the indictment. *Id.* at 4. The Government contends that the mere appearance of the term in the indictment does not suggest that the jury will have an "improper emotional response" to it. *Id.*

### III. DISCUSSION

Federal Rule of Evidence 401 provides that relevant evidence is admissible and irrelevant evidence is not. *See* FED. R. EVID. 401. Here, the Government conceded that the encryption function of the WhatsApp messaging system is not relevant to the elements of the crime and therefore, on its face, the Government does not suggest that the fact of encryption would be relevant to any issues during its case-in-chief.

Instead, the Government framed the potential relevance of encryption only in terms of a response to the Defendants' arguments or evidence. If the Defendants by argument or evidence open the door to evidence of encryption, the Government may seek to admit it. Depending on the issues raised not by the Government but by the Defendants, encryption may become relevant. But the Court cannot make this assessment without a context that will appear, if it does, only at trial. As the Court's Federal Rule of Evidence 403 assessment requires a balancing between relevance and prejudice, without knowing the relevance, the Court cannot make the required

assessment. FED. R. EVID. 403 ("The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice"). The Court agrees that the prejudicial impact of evidence of encryption is equivocal and speculative. But the Court is premature to balance its probative value against its prejudicial impact because neither is a matter of record.

The Court will grant the motion but only in part. Based on the Government's concession that it will not use evidence of encryption to argue the Defendants' specific intent, the Court will grant the Defendant's motion to that extent. Before the Government mentions encryption or seeks to introduce evidence of encryption, it must first approach the bench, explain its relevance, and receive a trial ruling. Similarly, the Court will defer ruling on whether encryption should be struck from the indictment until it learns of what the trial evidence reveals on encryption.

## IV. CONCLUSION

The Court GRANTS in part and DEFERS in part Defendant Yaser Aali's Motion in Limine to Exclude Evidence and/or Argument That Defendants' Use of Encrypted Messaging, in and of Itself, was Utilized to Further the Alleged Conspiracy (ECF No. 152). The Court grants the Defendant's motion insofar as the Government will not be allowed to introduce evidence of encryption or make arguments about encryption without first approaching the bench and receiving an in-trial ruling. Otherwise, the Court defers ruling on the motion subject to trial developments.

SO ORDERED.

                                              <u>/s/ John A. Woodcock, Jr.</u>
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2023