UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>FAYSAL KALAYAF MANAHE )<br>YASER AALI )<br>AMMAR ALKINANI, and )<br>QUASIM SAESAH )<br>           Defendants. ) | No. 2:22-cr-00013-JAW |

**<u>ORDER ON THE DEFENDANTS' JOINT MOTION IN LIMINE RELATING
TO JURY INSTRUCTIONS</u>**

In anticipation of trial, the Defendants file a motion in limine to exclude all evidence, testimony, and argument on three issues outlined in the defendants' proposed jury instructions: (1) that the defendants making a proposal, engaging in wishful thinking or pretending to agree to join a contract, combination or conspiracy is evidence sufficient for the jury to find the defendants guilty; (2) that any attempt or solicitation to enter into an agreement to suppress and eliminate competition for the services of Personal Support Specialist (PSS) workers by agreeing to fix the rates paid to PSS workers and by agreeing not to hire each other's PSS workers that are unsuccessful constitute a violation of the Sherman Act; and (3) that any attempt by the defendants to influence public officials or seek an investigation by public officials may be the basis for a finding of guilt. The defendants contend that evidence and argument on these points is irrelevant and that any potential relevance is outweighed by unfair prejudice. The Court dismisses the defendants' motion in limine as an improper use of a motion in limine because it raises objections to proposed jury

1

instructions, which are issues of law, not evidence, and are properly addressed pursuant to Federal Rule of Civil Procedure 30.

## I. BACKGROUND

### A. Procedural Background

On January 27, 2022, a federal grand jury issued a one-count indictment, charging Faysal Kalayaf Manahe, Yaser Aali, Ammar Akinani, and Quasim Saesah with engaging in a criminal conspiracy in restraint of trade in violation of 15 U.S.C. § 1. *Indictment* (ECF No. 1) (*Indictment*). Trial is scheduled to commence on March 6, 2023 with jury selection on that day to be immediately followed by trial. *Trial List* (ECF No. 151). On January 23, 2023, Defendant Faysal Kalayaf Manahe, on behalf of all Defendants, filed a motion in limine to exclude evidence relating to jury instructions (ECF No. 157) (*Def.'s Mot.*). On February 13, 2023, the Government filed its response to the Defendants' motion in limine (ECF No. 159) (*Gov't's Opp'n*).

### B. The Alleged Conspiracy: An Overview

The indictment in this case, consisting of nine pages, charges the Defendants and their respective home health agencies with engaging in a conspiracy to violate the Sherman Act, 15 U.S.C. § 1 by suppressing and eliminating competition for the services of Personal Support Specialist (PSS) workers by agreeing to fix the rates paid to PPS workers and by agreeing not to hire each other's workers. *Indictment* ¶ 1-18. In addition, the indictment alleges that home health agencies were eligible to apply for and did receive loans from the Small Business Administration's (SBA) Paycheck Protection Program (PPP). *Id.* ¶ 4. The PPP loans were forgivable so long as the loan

2

recipients expended a certain percentage of the loans directly for payroll within a designated time and the indictment sets forth the managerial or ownership role the Defendants as well as other unnamed and unindicted individuals had in their respective home health agencies and the PPP loans each company (except the company affiliated with Quasim Saesah) received. *Id.* ¶¶ 5-14.

## II. THE PARTIES' POSITIONS

### A. Defendant Manahe's Motion in Limine

Defendants seek to exclude evidence and argument on three issues found in their proposed Jury Instruction Number Five: (1) that the defendants making a proposal, engaging in wishful thinking or pretending to agree to join a contract, combination or conspiracy is evidence sufficient for the jury to find the defendants guilty; (2) that any attempt or solicitation to enter into an agreement to suppress and eliminate competition for the services of PSS workers by agreeing to fix the rates paid to PSS workers and by agreeing not to hire each other's PSS workers that are unsuccessful constitute a violation of the Sherman Act; and (3) that any attempt by the defendants to influence public officials or seek an investigation by public officials may be the basis for a finding of guilt.

With respect to the first issue regarding wishful thinking and pretending to agree, the Defendants contend that "it is anticipated there will be evidence that the Defendants had discussions about resolving disputes relating to a variety of issues, but never reached an agreement." *Def.'s Mot.* at 3. The Defendants further contend that "[a]ny statements that Defendants never fully intended to honor [] discussions

3

between alleged conspirators that involved no more than 'wishful thinking' are not sufficient proof that the Defendants 'agreed' in the manner and for the contemplated evil purpose envisioned by the Sherman Act." *Id.* (collecting cases).

With respect to the second issue regarding attempt or solicitation, the Defendants observe that "the Department of Justice's own primer on anti-trust law notes that a mere attempt or request to enter into an agreement that is unsuccessful does not constitute a violation of the Sherman Act." *Id.* at 3 (citing *An Antitrust Primer for Federal Law Enforcement Personnel,* U.S.D.O.J., Antitrust Division (April 2022)). The Defendants submit that this primer is "a correct formulation of the applicable law, and any contrary evidence, testimony or argument is not relevant, is unfairly prejudicial, and is not admissible under Rule 401 and 403 of the Federal Rules of Evidence." *Id.*

On the third issue regarding attempt to influence public officials, the Defendants observe that "an attempt to influence public officials or seek an investigation by public officials may not be the basis for a finding of guilt under the Sherman Act." *Id.* at 3-4. (citing *United Mine Workers v. Pennington,* 381 U.S. 657, 669 (1965)). They contend that "any contrary evidence, testimony or argument from the Government would not be relevant, would be unfairly prejudicial and is not admissible." *Id.*

B.    **The Government's Opposition**

The Government first submits that the Defendants' motion "is premised on Defendants' Proposed Instruction No. 5 . . . which itself is irrelevant, argumentative,

4

redundant, and misstates the law." *Gov'n's Opp'n* at 2.  Regarding the first issue, the Government contends that it "is not aware of a case where a court was willing to give this instruction, and at least one court . . .rejected the proposed instruction." *Id.* (citing *United States v. Andreas*, 39 F. Supp. 2d 1048, 1073 (N.D. Ill. 1998), *aff'd*, 216 F.3d 654 (7th Cir. 2000).  The Government further contends that "[a]ny number of things are not a Sherman Act conspiracy; listing them all does not aid the jury in reaching a determination in this or any case." *Id.* at 3.  The Government submits moreover that it "will not argue at trial that merely 'making a proposal, engaging in wishful thinking or pretending to agree' constitutes a successful Sherman Act conspiracy, as Defendants suggest." *Id.* at 5.

Regarding the second issue, the Government asserts that the "[m]otion is irrelevant and the Proposed Instruction is argumentative and confusing; both should be rejected." *Id.*  The Government observes that "[n]othing in the Government's proposed instructions invites the jury to convict on the basis of an attempted or unsuccessful agreement, nor will the Government argue that at trial." *Id.* at 5-6.  It contends that the "[p]roposed [i]nstruction is argumentative and should be rejected" and "Defendants are unable to identify any legal precedent in support of giving such an instruction to a jury." *Id.* at 6.

Regarding the third issue, the Government asserts that Defendants' proposed instruction on influence of public officials "misstate[s] the applicable law and should be rejected." *Id.*  The Government insists that the Defendants misread *United Mine Workers of America v. Pennington* because this case "merely establishes a narrow

5

exemption from antitrust liability for certain joint lobbying efforts not relevant here; it did not alter the rules of evidence." *Id.* at 7. The Government contends that the "Supreme Court has since clarified that generally only publicly-undertaken joint lobbying efforts fall under *Pennington*" and here "Defendants are not charged with conspiring to lobby the State of Maine to allow them to fix, raise, lower, or otherwise affect the wages of PSS workers." *Id.* It therefore contends that "[e]vidence of Defendants' attempts to punish a competitor by having him investigated is probative of the conspiracy's existence, and should be admitted under Federal Rule of Evidence 401 and 402." *Id.* at 8.

### III. DISCUSSION

The Court views the Defendants' motion in limine as unusual because it does not address the admissibility of evidence but the propriety of jury instructions. In *Luce v. United States*, 469 U.S. 38 (1984), the United States Supreme Court wrote that a motion in limine "in a broad sense" refers to "any motion, whether made before or during trial to exclude anticipated evidence before the evidence is actually offered." *Id.* at 40; *United States v. Takesian*, 945 F.3d 553, 561 n.3 (1st Cir. 2019) ("An objection based on the Federal Evidence Rules may be made during trial . . . But a party can ask for a decision under the Rules before trial, which is what an *in limine* motion is"); *United States v. Raymond*, 697 F.3d 32, 37 (1st Cir. 2012).

There is a procedure by which jury instructions submissions and objections are presented to the Court, which the parties complied with. *See Gov't's Proposed Jury Instructions* (ECF No. 150); *Defs.' Jt., Proposed Jury Instructions* (ECF No. 154);

6

*United States' Objs. to Defs.' Proposed Jury Instructions and Opp'n to Jt. Mot. in Limine Related to Jury Instructions* (ECF No. 159); *Defs.' Objs. to United States' Req. Jury Instructions (ECF 150)* (ECF No. 161). Because the Defendants' motion in limine raises objections to proposed jury instructions, which are issues of law, not evidence, the Court is dismissing the motion in limine as the improper use of a motion in limine.

The Court will, of course, offer both the Government and the Defendants an opportunity to weigh in on the Court's proposed jury instructions at the charge conference, which the Court will hold at the close of the evidence in accordance with Federal Rule of Criminal Procedure 30.

## IV. CONCLUSION

The Court DISMISSES without prejudice the Defendants' Joint Motion in Limine Relating to Jury Instructions (ECF No. 157).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2023