UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>FAYSAL KALAYAF MANAHE )<br>YASER AALI )<br>AMMAR ALKINANI, and )<br>QUASIM SAESAH )<br>           Defendants. ) | No. 2:22-cr-00013-JAW |

**ORDER ON UNITED STATES' MOTION IN LIMINE TO ADMIT RULE 1006 SUMMARY CHART**

In anticipation of trial, the United States of America (Government) files a motion in limine for a pretrial order, admitting into evidence a summary chart under Federal Rule of Evidence 1006. The Defendants object only to the use of the summary chart in opening statements. The Court concludes that the Government should not use the summary chart as evidence in its opening statement and that evidence of the summary chart will be admissible in its case in chief if the Government demonstrates that the summary chart fits within the confines of Federal Rule of Evidence 1006.

**I.    BACKGROUND**

    **A.    Procedural Background**

On January 27, 2022, a federal grand jury issued a one-count indictment, charging Faysal Kalayaf Manahe, Yaser Aali, Ammar Akinani, and Quasim Saesah with engaging in a criminal conspiracy in restraint of trade in violation of 15 U.S.C. § 1. *Indictment* (ECF No. 1) (*Indictment*). Trial is scheduled to commence on March 6, 2023 with jury selection to be followed immediately by trial. *Trial List* (ECF No.

151). On February 21, 2023, the Government moved in limine for a pretrial order, admitting evidence of a summary chart pursuant to Federal Rule of Evidence 1006. *United States' Mot. in Limine to Admit Rule 1006 Summ. Chart* (ECF No. 165) (*Gov't's Mot.*). The Defendants filed their response on February 28, 2023. (ECF No. 188) (*Defs.' Opp'n*).

### B. The Alleged Conspiracy: An Overview

The indictment, consisting of nine pages, charges the Defendants and their respective home health agencies with engaging in a conspiracy to violate the Sherman Act, 15 U.S.C. § 1 by suppressing and eliminating competition for the services of Personal Support Specialist (PSS) workers through an agreement to fix the rates paid to PPS workers and through an agreement not to hire each other's workers. *Indictment* ¶ 1-18. In addition, the indictment alleges that home health agencies were eligible to apply for and did receive loans from the Small Business Administration's (SBA) Paycheck Protection Program (PPP). *Id.* ¶ 4. The PPP loans were forgivable so long as the loan recipients expended a certain percentage of the loans directly for payroll within a designated time and the indictment sets forth the managerial or ownership role the Defendants as well as other unnamed and unindicted individuals had in their respective home health agencies and the PPP loans each company (except the company affiliated with Quasim Saesah) received. *Id.* ¶¶ 5-14.

## II. THE PARTIES' POSITIONS

### A. The Government's Motion

In its motion, the Government proposes to admit into evidence a summary chart under Federal Rule of Evidence 1006, assuming it authenticates and presents a proper foundation for the underlying records. *Gov't's Mot.* at 1. To its motion, the Government attached as Exhibit 1 a one-hundred and sixty-three-page, chronologically organized exhibit, containing seven columns, including exhibit number, date, time, addressor, content, addressee, and bates number of 1,317 text messages, WhatsApp messages, and phone records from April 4, 20020 to May 11, 2020. *Id.* Attach. 1, *Selected Text Messages, Whatsapp Messages, and Phone Records from 4/4/2020 to 5/11/2020.*

After reciting the five-factor analysis test for admissibility set forth in *United States v. Milkiewicz.* 470 F.3d 390, 396 & n.12 (1st Cir. 2006), the Government contends that the underlying source materials satisfy Rule 1006, *Gov't's Mot.* at 3-7, the source materials are voluminous and complex, *id.* at 8, the summary chart accurately summarizes the underlying materials, *id.* at 9, the Defendants received the source materials well in advance of trial, *id.* at 10, and the Government will present a witness, Emily Ma, a paralegal within the Department of Justice, who will lay the necessary foundation for admission. *Id.* The Government proposes that the Court conditionally admit the summary chart pursuant to Federal Rule of Evidence 104(b). *Id.* at 10-11.

B. **The Defendants' Response**

The Defendants respond that "the Chart, or any portion of it, must be treated as any other piece of evidence that might be offered during trial, i.e., the Judge will

rule on the admissibility of offered evidence after considering foundation and authentication." *Defs.' Opp'n* at 1. The Defendants thus contend that "the Chart, or any portion of it, cannot be used in Opening Statements." *Id.*

### III.  LEGAL STANDARDS

#### A.  Federal Rule of Evidence 104

Rule 104(a) states, "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." FED. R. EVID. 104(a). Under Rule 104(a), the Court acts as a gatekeeper, *United States v. Poulin*, 592 F. Supp. 2d 132, 136 (D. Me. 2008), as it determines "whether foundational facts have been established (and, thus, whether particular pieces of evidence are eligible for admission)." *Blake v. Pellegrino*, 329 F.3d 43, 48 (1st Cir. 2003). Foundational facts are those facts which dictate whether evidence is admissible, including "the genuineness of a document or statement, the maker's personal knowledge, and the like." *Id.* The proponent must establish these foundational facts by a preponderance. *United States v. Campbell*, 268 F.3d 1, 4 (1st Cir. 2001) (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)).

Rule 104(b) states, "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." FED. R. EVID. 104(b). Unlike in Rule 104(a), "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the

4

trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988)). Rather, "[t]he court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id.*

"Authentication is . . . treated as a matter of 'conditional relevancy' governed by Rule 104(b). The question of authenticity is ultimately one for the jury, and the court must determine only whether the jury could reasonably find the proffered evidence authentic." *United States v. Rosado-Cancel*, Crim. No. 13-0731(DRD), 2015 U.S. Dist. LEXIS 57747, 2015 WL 1968598, at *6 (D.P.R. May 1, 2015).

B.  **Federal Rule of Evidence 1006**

Rule 1006, entitled "Summaries to Prove Content," states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

FED. R. EVID. 1006. Rule 1006 "creates an exception to Rule 1002, which requires that originals be used to prove the contents of writings, recordings and photographs." *Milkiewicz*, 470 F.3d at 396. Summary charts used in accordance with Rule 1006 may be fully admitted into evidence. *United States v. McElroy*, 587 F.3d 73, 81-82 (1st Cir. 2009); *Milkiewicz*, 470 F.3d at 397-98. "Federal Rule of Evidence 1006 does not require that the documents being summarized also be admitted." *United States*

5

*v. Appolon*, 715 F.3d 362, 274 (1st Cir. 2013); *Milkiewicz*, 470 F.3d at 396 ("[T]he evidence underlying Rule 1006 summaries need not be introduced into evidence").

The rule addresses situations in which a summary is the "only practicable means of making [the] content available to judge and jury," *R&R Assocs. v. Visual Scene, Inc.*, 726 F.2d 36, 38 (1st Cir. 1984) (quoting FED. R. EVID. 1006 advisory committee's note to 1972 proposed rules), as well as situations in which an in-court examination of the underlying records would be inconvenient. *Colón-Fontánez v. Mun. of San Juan*, 660 F.3d 17, 29-30 (1st Cir. 2011) (stating that "summary charts and graphs . . . consist[ing] of a condensed presentation" of an "extensive record" were "an appropriate presentation of 'voluminous writings' that 'cannot conveniently be examined in court'" (quoting FED. R. EVID. 1006)); *United States v. Possick*, 849 F.2d 332, 339 (8th Cir. 1988) ("Rule 1006 does not require that it be literally impossible to examine all the underlying records, but only that in-court examination would be an inconvenience").

To satisfy Rule 1006, the proponent of the summary must show that (1) the underlying source materials are "otherwise admissible," (2) the source materials are voluminous, (3) the source materials are "what the proponent claims them to be" and "the summary accurately summarizes" them, and (4) the source materials were made available to the other parties for inspection and copying at a reasonable time and place. *See Milkiewicz*, 479 F.3d at 396 and n.12. The proponent must also (5) lay a proper foundation for the admission of the summary chart. *Colón-Fontánez*, 660 F.3d at 31. "In the context of a summary exhibit, the proponent of the exhibit 'should

present the testimony of the witness who supervised its preparation.'" *Id.* (quoting *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998)).

An accurate summary "fairly represent[s] the underlying documents" and is "nonprejudicial." *Milkiewicz*, 470 F.3d at 398 (quoting *Bray*, 139 F.3d at 1111). It must "summarize[] the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner" with nothing "lost in the translation." *Bray*, 139 at 1110. Summaries admitted "in lieu of the underlying documents" must not be "embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise." *Id.* The goal is to prevent "a summary containing elements of argumentation" from functioning as "a mini-summation by the chart's proponent every time the jurors look at it during their deliberations." *Id.*

The First Circuit has observed:

> No precise test dictates when source materials are sufficiently indigestible to permit summarization under Rule 1006. Instead, district courts are advised to carefully weigh the volume and complexity of the materials. These two factors have an inversely proportionate relationship as either the volume or complexity increases, relatively less is required of the other factor.

*United States v. Applolon*, 695 F.3d 44, 61 (1st Cir. 2012). "The ultimate question, of course, is whether summarization will remove logistic or cognitive barriers to the jury's discharge of its duties." *Id.*

Summary charts admitted into evidence under Rule 1006 differ from pedagogical devices used during trial under Rule 611(a) to aid counsel's argument to the jury. *See Milkiewicz*, 470 F.3d at 395-400. The key difference "appears to be the

purpose for which the summaries are offered." *Id.* at 398. Rule 1006 charts "are explicitly intended to reflect the contents of the documents they summarize." *Id.* Rule 611(a) summaries, on the other hand, "tend to be 'more akin to argument than evidence.'" *Id.* (citing 6 MARK S. BRODIN ET AL., WEINSTEIN'S FED. EVID. § 1006.08[4] (2D ED. 2019)) (noting also that pedagogical aids allowed under Rule 611(a) to illustrate or clarify a party's position may reflect "the inferences and conclusions drawn from the underlying evidence by the summary's proponent" "through captions or other organizational devices or descriptions"). The accuracy requirements for Rule 1006 described in *Bray* address this distinction between reflection and argument. *See* 139 F.3d at 1110.

The category a summary chart fits into matters for how the proponent can use the chart during trial. *Milkiewicz*, 470 F.3d at 395 ("[T]he basis for admission can affect how a summary is used, including whether a jury may rely on it as primary evidence and whether it is allowed in the jury room during deliberations"). Generally, a Rule 1006 summary chart is secondary evidence used as a substitute for the originals and thus can be used during jury deliberation, while a Rule 611(a) summary chart "is not itself . . . evidence" and cannot replace the underlying documents during jury deliberation because of its argumentative nature. *Id.* at 397 and n.14.

### C. Federal Rule of Evidence 403

Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## IV. DISCUSSION

Here, the Defendants object only to the Government's use of the summary chart during its opening statement, and they place the Government to its burden to demonstrate the admissibility of the summary chart consistent with Rule 1006 during its case in chief. The Court agrees that in light of the Defendants' objection, the Government should not use the summary chart as evidence in its opening statement. In other words, the Government cannot show the summary chart itself to the jury during its opening statement. As with all references to evidence in an opening statement, this ruling does not prohibit the Government, if it wishes to do so, from referring to the fact that it anticipates introducing into evidence a summary chart and to describe the summary chart in general so that the jury can anticipate the evidence the Government intends to present. When the time comes, it does obligate the Government to demonstrate that the summary chart fits within the confines of Federal Rule of Evidence 1006 as outlined and interpreted above.

## V. CONCLUSION

The Court DISMISSES without prejudice the Government's Motion in Limine to Admit Rule 1006 Summary Chart (ECF No. 165).

SO ORDERED.

                                                 <u>/s/ John A. Woodcock, Jr.</u>
                                                 JOHN A. WOODCOCK, JR.
                                                 UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2023